IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

        **Plaintiff,**

        v.                                                CASE NO. 25-3182-JWL

RON MARTIN, et al.,

        **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joshua Jensen is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 7).

Plaintiff alleges that Defendant Ron Martin, the RADAC provider at the Norton Correctional Facility ("NCF") is subcontracted by Heartland RADAC under Kansas law. (Doc. 7, at 1.) Plaintiff alleges that after being screened and approved to attend RADAC by Mr. Carwise, Defendant Martin summoned Plaintiff to his office sometime during the first week of June 2025. *Id*. at 2. Plaintiff alleges that Martin had a typed letter that he read to Plaintiff, claiming he could not accommodate Plaintiff in the program due to Plaintiff's disabilities. *Id*. at 2–3.

As Count I, Plaintiff alleges a violation of 42 U.S.C. § 12133, claiming an exclusion from a service, program or activity. *Id*. at 3. As Count II, Plaintiff alleges a violation of 42 U.S.C.

1

§ 12188 based on accommodations. *Id*. Plaintiff has named Ron Martin, RADAC Provider for Heartland, and Heartland RADAC as defendants. Plaintiff seeks $27 million in damages. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

3

**III. DISCUSSION**

Plaintiff alleges that he is bringing this case under 42 U.S.C. §§ 12133 and 12188. He claims that Defendant Martin told Plaintiff that he could not accommodate Plaintiff in the RADAC program due to Plaintiff's disabilities. RADAC stands for the Heartland Regional Alcohol and Drug Assessment Center. *See State v. England*, 281 P.3d 597, 2012 WL 3136224, at *1 (Kan. Ct. App. 2012), *overruled on other grounds by State v. Clapp*, 308 Kan. 976 (2018). Plaintiff has not indicated what his alleged disability is, or why he was denied participation.

**1. § 12188**

Section 12188 provides remedies for violations of § 12182(b)(2)(A)(iv) (dealing with the failure to remove architectural barriers, communication barriers, and transportation barriers in facilities and vehicles/passenger rail cars) and § 12183 (dealing with the failure to design and construct facilities that are readily accessible to and usable by individuals with disabilities). 42 U.S.C. §§ 12182(b)(2)(A)(iv) and 12183. Nothing in Plaintiff's Amended Complaint suggests that his claims are based on the lack of accommodations in physical structures or modes of transportation. Any claim under § 12188 is subject to dismissal for failure to state a claim.

**2. § 12133**

Plaintiff also brings a claim under 42 U.S.C. § 12133. Section 12133 provides that "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title." 42 U.S.C. § 12133.

The Americans with Disabilities Act ("ADA") prohibits discrimination by government entities on the basis of disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State prisons are within Title II's definition of "public entities." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998). Moreover, "[m]odern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,'" and "[t]he text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Williams v. Colo. Dep't of Corr.*, 2022 WL 3681255, at *3 (10th Cir. 2022) (quoting *Yeskey*, 524 U.S. at 210).

"To state a claim under Title II of the ADA, a plaintiff must allege: (1) he is 'a qualified individual with a disability'; (2) he 'was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity'; and (3) 'such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.'" *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1312 (10th Cir. 2021) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016)). The inability to prove any one of these elements precludes an ADA claim. *Id*. "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V.*, 813 F.3d at 1295.

Plaintiff alleges that he was denied participation in the drug program due to his disabilities. He does not provide any information as to what his disability is, or why it prevented him from participation. Plaintiff has not shown that he is "a qualified individual with a disability." Any argument that his disability is his drug or alcohol abuse/addiction, would render him not "otherwise qualified" for treatment absent his medical condition as set forth below.

The Supreme Court has held that "medical care" is one of the "services, programs, or

activities" covered by the ADA. *See United States v. Georgia*, 546 U.S. 151, 126 S. Ct. 877, 881 (2006) (stating that the "deliberate refusal of prison officials to accommodate [the plaintiff's] disability-related needs in such fundamentals as . . . medical care . . . constituted 'exclu[sion] from participation in or . . . den[ial of] the benefits of' the prison's 'services, programs, or activities' " (quoting 42 U.S.C. § 12132)). "However, courts have differentiated ADA claims based on negligent medical care from those based on discriminatory medical care." *Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 284 (1st Cir. 2006) (citations omitted).

In *Sullivan*, the Tenth Circuit affirmed the district court's finding that the plaintiff could not premise his ADA claim on the denial of treatment because he would not be "otherwise qualified" for treatment absent his medical condition. *Sullivan v. Univ. of Kansas Hospital Auth.*, 844 F. App'x 43, 48 (10th Cir. 2021) (unpublished). The Tenth Circuit stated that:

> As we explained in *Johnson ex rel. Johnson v. Thompson*, 971 F.2d 1487, 1493 (10th Cir. 1992), when a plaintiff claims disability discrimination based on the failure to receive treatment for a medical condition, "[s]uch a plaintiff must prove that he or she was discriminatorily denied medical treatment because of [a medical condition] and, at the same time, must prove that, in spite of the [medical condition], he or she was 'otherwise qualified' to receive the denied medical treatment." This presents a dichotomy, however, because "if such a person were not so handicapped, he or she would not need the medical treatment and thus would not 'otherwise qualify' for treatment." *Id.*
>
> Here, the district court recognized that Mr. Sullivan could not premise his claims on the denial of treatment because he would not be "otherwise qualified" for treatment absent his medical condition.
>
> \* \* \* \*
>
> Last, Mr. Sullivan suggests the district court erred in rejecting his medical malpractice claims under the ADA. The claims are based on his healthcare providers' alleged failure to properly diagnose and adequately treat his medical condition. The district court correctly observed, however, that these types of "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the

> Rehabilitation Act," *Fitzgerald*, 403 F.3d at 1144. The district court therefore correctly dismissed these claims.

*Id*. at 48–49.

Other circuits have reached the same conclusion. *See Wenzke v. Munoz*, 800 F. App'x 76, 79 (3d Cir. 2020) (affirming dismissal of the plaintiff's ADA claims because a lawsuit under the ADA cannot be based on medical treatment decisions); *Grant v. Alperovich*, 703 F. App'x 556, 557 (9th Cir. 2017) (affirming the district court's grant of summary judgment because the "assertion of discrimination in medical treatment decisions amounted to a claim of medical malpractice, rather than a claim of discrimination governed by the ADA"); *McGugan v. Aldana-Bernier*, 752 F.3d 224, 231–32 (2d Cir. 2014) ("[A] doctor may refuse to prescribe a particular treatment, which the disabled patient has requested, because of the doctor's assessment (based on an appraisal of the patient's medical condition) that the treatment would be harmful. The doctor's refusal is not discrimination in violation of the statute, even if the doctor's medical analysis is flawed. Such a decision may be malpractice, but it is not discrimination."); *Deweese v. Munyan*, 2021 WL 729097, at *4 (E.D. Ark. 2021) (stating that the Eighth Circuit has repeatedly held that claims under the ADA or Rehabilitation Act cannot be based on medical treatment decisions, including claims regarding the failure to give appropriate medication) (citations omitted).

Plaintiff should show good cause why his claim under § 12133 should not be dismissed for failure to allege a disability and based on the Tenth Circuit's reasoning in *Sullivan*.

### 3. Relief Requested

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or

the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) . "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

Furthermore, any request for injunctive relief may be moot. It appears that Plaintiff was denied participation in the program while housed at NCF. Plaintiff is currently housed at LCF and has not indicated that he has sought and been denied participation in the RADAC or any other program at LCF. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

**IV. Response Required**

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 3, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated October 3, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**