IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

    **Plaintiff,**

v.                                      CASE NO. 25-3182-JWL

RON MARTIN, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 3, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") granting Plaintiff until November 3, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC was mailed to Plaintiff at his address of record at LCF. The mail was returned, noting that Plaintiff refused delivery of the MOSC. (Doc. 12.) Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b). Fed. R. Civ. P. 77(d). Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

Plaintiff alleges that he is bringing this case under 42 U.S.C. §§ 12133 and 12188. He

1

claims that Defendant Martin told Plaintiff that he could not accommodate Plaintiff in the RADAC program due to Plaintiff's disabilities.  RADAC stands for the Heartland Regional Alcohol and Drug Assessment Center.  *See State v. England*, 281 P.3d 597, 2012 WL 3136224, at *1 (Kan. Ct. App. 2012), *overruled on other grounds by State v. Clapp*, 308 Kan. 976 (2018).  Plaintiff has not indicated what his alleged disability is, or why he was denied participation.

The Court found in the MOSC that § 12188 provides remedies for violations of § 12182(b)(2)(A)(iv) (dealing with the failure to remove architectural barriers, communication barriers, and transportation barriers in facilities and vehicles/passenger rail cars) and § 12183 (dealing with the failure to design and construct facilities that are readily accessible to and usable by individuals with disabilities).  42 U.S.C. §§ 12182(b)(2)(A)(iv) and 12183.  The Court found that nothing in Plaintiff's Amended Complaint suggests that his claims are based on the lack of accommodations in physical structures or modes of transportation and any claim under § 12188 is subject to dismissal for failure to state a claim.

Plaintiff also brings a claim under 42 U.S.C. § 12133, alleging that he was denied participation in the drug program due to his disabilities.  The Court found in the MOSC that Plaintiff has failed to provide any information as to what his disability is, or why it prevented him from participation, and has failed to show that he is "a qualified individual with a disability."  The Court found that any argument that his disability is his drug or alcohol abuse/addiction, would render him not "otherwise qualified" for treatment absent his medical condition as set forth in the MOSC.  The Court ordered Plaintiff to show good cause why his claim under § 12133 should not be dismissed for failure to allege a disability and based on the Tenth Circuit's reasoning in *Sullivan v. Univ. of Kansas Hospital Auth.*, 844 F. App'x 43 (10th Cir. 2021) (unpublished).

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of

this matter without further notice for failure to state a claim." (Doc. 10, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 5, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**